## Ethel M. Cann et al. v. Leslie C. Hughes et al. Leslie C. Hughes et al., Appellants, v. Jacob Glos et al., Appellees.

### Gen. No. 22,325. · (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed October 30, 1916.

### Statement of the Case.

The bill sought a partition between complainants and defendants, who were tenants in common, and also the removal of the tax title of defendant Glos as a cloud on their title. The proper pleadings were filed by all parties, and the cause stood at issue and referred to a master, but before any hearings took place, condemnation proceedings were instituted in which the rights of all parties were adjudicated, and an order was made that the sum of $665.44, the amount found to be due defendant Glos, be paid to the county treasurer for his benefit. The cross-bill set up the facts in the original bill, including the money found due and ordered to be paid to defendant Glos, and prayed for the distribution and payment of such amount to the parties entitled thereto. Defendant Glos answered, denying complainants' title and every material averment in the bill, which by interpretation included a denial of complainants' right to the money in the hands

of the treasurer. The decree found that in equity, defendant Glos was entitled to the money.

Rice, Lowes & O'Neil, for appellants.

John R. O'Connor and Alben F. Bates, for appellees.

Mr. Justice Holdom delivered the opinion of the court.

## Abstract of the Decision.

1. Appeal and error, § 1303*—*when evidence presumed sufficient to sustain finding.* In the absence of a certificate of evidence, every intendment is to be indulged necessary to sustain the ultimate fact found in a decree, and in such case it will be presumed, as matter of law, that the evidence is sufficient to sustain such finding.

2. Equity, § 549*—*what decree need not recite.* It is not necessary to recite evidential facts in a decree, it being sufficient if the ultimate fact found from the evidence is recited.

3. Partition, § 54*—*when award in eminent domain proceeding not challenged by bill.* Where during the pendency of partition proceedings, in which the validity of a tax title on the property in question is attacked, a proceeding is commenced which results in the taking of such property by eminent domain, in which an order is made setting apart a sum to be paid to the owner of the tax title, a cross-bill filed after the termination of the condemnation proceedings to secure a distribution of the sum set apart by the order admits the propriety of the order where such cross-bill does not challenge such propriety.

4. Partition, § 53*—*when party estopped to dispute right of court to determine who is entitled to fund.* Where, during the pendency of partition proceedings in which the validity of a tax title on the property is attacked, a proceeding is commenced which results in the taking of such property by eminent domain and in which an order is made setting apart a sum to be paid to the owner of the tax title, a cross-bill filed after the termination of the condemnation proceedings to secure a distribution of the sum set apart by the order, partakes of the nature of a bill of interpleader, in which the only question is to whom the money shall be paid, and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

complainant in the cross-bill is estopped to dispute the right of the court to determine such question.

5. PARTITION, § 15*—*what is character of proceeds of sale in eminent domain proceedings.* Where, during the pendency of partition proceedings, the property sought to be partitioned is taken by condemnation proceedings, the money awarded stands in the place of the land.